**Mandamus Conditionally Granted; and Opinion Filed November 25, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00882-CV

## IN RE TEXAS DEPARTMENT OF PUBLIC SAFETY, Relator

**Original Proceeding from the County Court at Law No. 1**
**Grayson County, Texas**
**Trial Court Cause No. 2013-1-0007**

## OPINION ON REHEARING
Before Justices Bridges, Francis, and Lewis
Opinion by Justice Lewis

We deny the motion for rehearing of real party in interest. On our own motion, we withdraw our September 5, 2013 opinion and vacate our order of that date. This is now the opinion of the Court.

Relator filed this petition for writ of mandamus after the trial court denied a motion to set aside a protective order requiring relator to destroy its copy of a dashboard video recording and any transcripts to that recording. In order to obtain mandamus relief, relator must show both that the trial court has abused its discretion and that it has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Relator has met this burden.

On or about August 8, 2012, real party in interest Randy Bruce Travis was arrested for driving while intoxicated. His arrest was recorded by relator through dashboard video cameras. Relator maintains a copy of the recording of the arrest and of the transcript of the arrest. On

January 31, 2013, Travis pleaded guilty; at that hearing, his attorney moved for a protective order requiring all copies of the video and any transcripts of it to be destroyed. The trial court granted the motion. When relator received a copy of the order, it moved to set the protective order aside.[1] The trial court denied the motion.

Meanwhile, relator received a request for public information seeking a copy of the video. Relator asked the attorney general's office whether the video was required to be released under the Texas Public Information Act, TEX. GOV'T CODE ANN. § 552.001–552.353 (West 2012 & Supp. 2013–14). The attorney general opined that parts of the video could be redacted, but that the rest of it must be released. Travis then filed a lawsuit in Travis County seeking to overturn the decision of the attorney general, and relator filed this petition for writ of mandamus seeking to set aside the trial court's order requiring destruction.

The Public Information Act lists categories of public information, including "a completed . . . investigation made of, for, or by a governmental body." TEX. GOV'T CODE ANN. § 552.022(a)(1). "A court in this state may not order a governmental body or an officer for public information to withhold from public inspection any category of public information . . . or to not produce the category of public information for inspection or duplication, unless the category of information is confidential under this chapter or other law." *Id.* at § 552.022(b). In this case, the attorney general has opined that, while parts of the video were confidential, the remainder of the video was public information and was required to be released. By the clear language of the statute, the trial court would err by ordering relator not to produce this public information. It follows that the trial court erred by ordering relator to destroy it.

Of course, real party in interest is not without means to challenge the attorney general's designation of the recording as public evidence. The statute provides that the Travis County

---

[1] Relator was not a party to the underlying criminal proceeding.

courts may review the attorney general's decision; in fact, real party in interest has already filed suit in Travis County seeking to overturn the attorney general's opinion. *See* TEX. GOV'T CODE ANN. § 552.325 (West 2012). It is for the Travis County court, and not the trial court here, to make a judicial determination as to what must be done with the recording and transcript in question.

Accordingly, we conditionally grant the relator's petition for writ of mandamus.[2] A writ will issue only in the event the trial court fails to vacate its January 31, 2013 "Protective Order Regarding Certain Evidence, and Findings of Fact and Conclusions of Law Relative Thereto" to the extent it relates to any evidence in the possession of relator.

/David Lewis/
_____
DAVID LEWIS
JUSTICE

130882F.P05

---

[2] Because of our resolution of this issue, we need not address relator's other points of error. Additionally, we express no opinion on the merits of the attorney general's decision.